## Case No. 15,053.

### UNITED STATES v. ENRIGHT.

[Hoff. Land Cas. 239.] [1]

District Court, N. D. California. June Term, 1857.

#### MEXICAN LAND GRANT—INCHOATE TITLE—JUDICIAL POSSESSION.

An inchoate title, followed by juridical possession, presents an equity which the United States are bound to respect.

This claim was confirmed by the board, and appealed by the United States.

P. Della Torre, U. S. Atty.

J. B. Crockett, for appellee.

BY THE COURT. The documentary evidence of title exhibited by the claimant in this case is as follows: A petition to the governor dated December 20, 1844; a marginal decree or order for information by the governor, and a favorable report by the secretary, Manuel Jimeno. On receiving this report, the governor makes the following decree: "January 6, 1845. Granted as asked for and reported by the Most Reverend Father Minister. Micheltorena." The claimant has also produced a record of judicial possession, which seems to have been formally given him by the constitutional judge of first instance of the pueblo of San José Guadalupe on the 18th of February, 1846.

It is objected that these documents are insufficient to vest any title, either legal or equitable, in the claimant. It must be admitted that the concession in this case is not the final documento or title which, by the eighth article of the regulations, the governor was authorized to issue when the definitive concession was made.

In Arguello v. U. S., 18 How. [59 U. S.] 543, the supreme court, after alluding to the "informes" usually required, says: "By the fourth section, the governor being thus informed may 'accede or not' to the petition. This was done in two ways: sometimes he expressed his consent by merely writing the word 'concedo' at the bottom of the expediente; at other times it was expressed with more formality, as in the present case. * * * It is intended merely to show that the governor has 'acceded' to the request of the applicant, and as an order for a patent or definitive title in due form to be drawn out for execution. It is not itself such a document as is required by the eighth section, which directs that the definitive grant asked for being made, a document signed by the governor shall be given to serve as a title to the parties interested." But this concession, although not the final title which issued under the eighth article, is nevertheless a grant. The words of the grant are positive and plain; and though shorter and more informal than the usual decree of concession, commencing

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

with the words "vista la peticion," it is in all respects as effectual to constitute an inchoate or imperfect title.

It has always been held by this court, that according to the provisions of the regulations the formal or definitive title contemplated by the eighth article could not issue until after the concession of the governor had been approved by the departmental assembly; and that though the practice of issuing that document in advance of such approval, and in terms "subject to it," obtained to a considerable extent, yet such a document, where no approval had been obtained, constituted merely an inceptive or equitable title. Whether this latter view be correct or not, no doubt can be entertained that the first decree of concession, whether made in the more formal manner usually observed or, as in the present case, by the short declaration that the land was "granted as asked for," afforded the basis for the departmental assembly, whose approbation was necessary to perfect or give "definitive validity" to the title. When therefore it appears that this inceptive title has been delivered to the party shortly after its date, and has been regarded by the judicial officer as furnishing the requisite authority to enable him to put the grantee in possession, it should be treated · as vesting in the grantee the inchoate or equitable title, which when followed by occupation and cultivation ought to be respected. There is no reason to suppose that when the governor, after having obtained the requisite information, had acceded to the petition, made a decree of concession, and ordered the patent to issue, he would have declined to sign the title in form. So far as his action was concerned he was · functus officio, except the merely formal act of signing the final "documento;" and it may well be doubted whether, if this concession had been approved by the assembly, he would have been at liberty to withhold from the party the formal evidence of title which the eighth article directs him to issue in such cases. It is not explained why the governor did not in this case pursue the more usual practice of issuing the final title "subject to the approval of the assembly." He may, perhaps, in strict conformity with the regulations, have withheld it until the approval was obtained, or he may, according to the loose and informal practice of the country, have considered that for so small a piece of land the grant indorsed upon the petition was sufficient to secure the rights of the applicant. The concession was at all events delivered to the grantee; for we find it in his hands very soon after its date, and by virtue of it the possession was formally delivered to him.

The next inquiry is, did the grantee fulfill the conditions usually annexed to the formal title, and in consideration of which it issued? On this point there is some conflict of evidence. After referring to the testimony, the board in their opinion say: "From a careful examination of all the proofs in the case, we think the preponderance of proof is in favor of the claimant, and must be regarded as establishing the fact of the cultivation of the place by Garcia from a period anterior to the grant to the time of sale to· Enright" (the present claimant). We see no reason to dissent from this conclusion.

The remaining question relates to the location and extent of the land. The petition describes it as "2,000" varas of farming land; a note in the margin of the petition by Pacheco states that the petition for the farming land is for 8,000 varas. Under this description juridical possession was given of a piece of land 2,000 varas square. There might, perhaps, be some room to doubt whether the land described in the petition was 2,000 varas square or 2,000 square varas; but the note of Pacheco, the construction given to the concession by the alcalde, as well as the natural interpretation of the words when properly used, satisfy us that the intention was to grant a piece of land 2,000 varas square, or bounded by a line 8,000 varas long, taking the four sides together, as stated by Pacheco.

On the whole, we are of opinion that the grantee acquired by the concession an inceptive or inchoate title, which when followed by cultivation and juridical possession constitute an equity the United States are bound to respect. The decree of the board must be affirmed.

[The United States objected to the official survey of this grant, but the survey was approved by the court in Case No. 15,054.]